## No. 78

### MENKE v. JACKSON et

#### No. 19536. Supreme Court

On motion to certify. Dock. Jan. 6, 1926; 4 Abs. 40.

**797. MUNICIPAL CORPORATIONS—Is the passage of an emergency measure by a City Council under section 4227-3 of the General Code subject to judicial inquiry?**

Elfie Meenke, a taxpayer of Garfield Heights sought in an action filed in the Cuyahoga Common Pleas to restrain the officials of Garfield Heights from illegally paying the Mayor's salary pursuant to an ordinance passed as an emergency measure.

On November 13, 1923 an ordinance was passed fixing the Mayor's salary at $1000 and repealing the existing ordinance which fixed said salary at $300. On December 10, 1923 a referendum petition was filed suspending the operation of said ordinance until an election was had thereon. On December 21, 1923 the council of said village passed what was termed an emergency measure under 4227-3 of the G. C. repealing the ordinance passed November 13, 1923, and providing for a salary of $1000 per annum for the two year term commencing January 1, 1924.

The petition averred that the ordinance was not an emergency measure within the contemplation of the law; that the facts stated in the emergency clause did not in fact create an emergency within the purview of the law and that no such emergency in truth existed.

A demurrer to the petition was sustained in the Common Pleas on the authority of State ex rel Durbin v. Smith, 102 OS. 591, on the ground (1) that the court was without jurisdiction; (2) that the plaintiff was without legal capacity to sue; and (3) that the petition did not state facts to show a cause of action.

Menke in he Supreme Court contends:

1. That the reasons determined by the council for the necessity of passing the ordinance as an emergency measure, as set forth therein, are not conclusive as against a judicial inquiry respecting the truth and sufficiency thereof.

2. The ordinance does not set forth facts constituting an emergency.

3. If such facts are found to be non-existent or insufficient in law the ordinance is effective thirty days after its passage. (The theory being that an ordinance being invalid in part does not necessarily render the whole ordinance invalid.)

4. The ordinance increases the salary of an officer during his term of office in contravention to section 4213 G. C.

**Attorneys**—Alfred L. Bishop, Cleveland, for Menke.